## Louisville Railway Company v. Frey.

(Decided October 5, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, No. 3.)

1. Damages—Action for Personal Injuries.—In a suit for personal injuries sustained while attempting to board one of appellant's street cars, the evidence examined and held that the court properly submitted the question of appellant's negligence to the jury.

2. Damages—Evidence—Expense Incurred for Medical Services.— Where there was an issue as to the amount of expense incurred by the injured party for medical services, and the doctor testified, without objection, that the defendant had paid the bill, the court did not err in rejecting testimony from defendant as to its motive in making the payment, that being a collateral question and not material to the issue.

FRANK P. STRAUS and HOWARD B. LEE for appellant.

SHEILD, CAMPBELL & McATEE for appellee

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee recovered $1,500 judgment against the railway company for personal injury. Her claim is that while she was in the act of stepping on the car, in order to get aboard, as a passenger, the car started suddenly and she was thrown to the ground, breaking her wrist and nose, and severely injuring her knee. Reversal is asked for two reasons: (1) That there was not sufficient evidence to sustain the verdict, and (2) because the court refused to permit J. T. Funk, the company superintendent, to testify as to the circumstances under which the company paid the medical bill.

On the question of sufficiency of the evidence, as much as can be said for the appellant is that it was conflicting. Without undertaking to go into detail, it will be sufficient to say that the court properly submitted the ques-

tion of negligence to the jury, and the evidence of it was ample to sustain their finding.

As to the second ground, the plaintiff, appellee here, alleged that she employed a physician to attend upon her, and that by reason of said employment she became indebted to the doctor in the sum of $150, and for medicine and bandages in the sum of $10. The answer denied that she had been damaged in such sums or in any sum for medicines or for physician employed.

Appellee testified that Doctor Duncan was the physician employed by her. Doctor Duncan was then introduced as witness in her behalf and testified as to her injuries, the extent of her recovery, and the services he rendered. Continuing on direct examination, he answered the following questions: ''Q. You have been paid for your services? A. Yes, sir. Q. What was your bill? A. I was paid $100. Q. State who paid your bill? A. Paid by the Louisville Railway Company on the order of Mr. Minary, president.'' The appellant made no objection to these questions or answers, and did not ask the court to exclude any of it from the jury. Nor did it make further inquiry of Dr. Duncan on that proposition, and laid no ground to contradict him.

The appellant offered Mr. Funk as a witness, but the court refused to let him testify. The appellant avowed that,

''Funk, if permitted to answer, would testify, and it is true, that the bill of Dr. Duncan, for $100, was paid for the reason that Dr. Duncan represented to the company that one of the employes of the railway company, who was present at the time, told him to treat the lady and the company would pay him for his services, and that, for that reason, the payment was made.''

The motive of the company in paying the medical bill was a collateral issue, and the court properly kept it out of the case. The pleadings raised the direct issue as to whether Mrs. Frey was entitled to recover the expense she had incurred for medical services. To meet the issue it was competent for the company to show that Mrs. Frey had not paid it and was not liable therefor, and that, in fact, the company had paid the bill. But if these facts were established by witness for Mrs. Frey in answer to questions from her attorney, and without objection from the company, we do not see that its rights were prejudiced.

The judgment is affirmed.